**ESTATE of Thomas A. MELUCCI, Jr. through Thomas A. MELUCCI, Sr., Plaintiff, Appellant,**

v.

**Daniel R. BROWN and Audley Construction Co., Defendants, Appellees.**

**No. 91–1353.**

United States Court of Appeals, First Circuit.

Heard Sept. 5, 1991.

Decided Oct. 7, 1991.

---

John T. Broderick, Jr., with whom Stephen E. Merrill and Merrill & Broderick, Manchester, N.H., were on brief, for plaintiff, appellant.

Edward M. Kaplan, with whom Jeffrey S. Cohen and Sulloway, Hollis & Soden, Concord, N.H., were on brief, for defendants, appellees.

Before BREYER, Chief Judge, ALDRICH, Senior Circuit Judge, and SELYA, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

The question in this diversity action for wrongful death due to an automobile accident essentially boils down to whether plaintiff's case of *Cutter v. Town of Farmington*, 126 N.H. 836, 498 A.2d 316 (1985), required the court to reach an illogical result, the court holding it did not. We concur. On May 3, 1988, there was an intersection collision between a dump truck, driven by defendant Daniel R. Brown, and owned by his employer, defendant Audley Corporation, and a Volkswagen driven by plaintiff's intestate, Thomas A. Melucci, Jr. Melucci came through a stop sign and Brown, who could be found to be driving too fast, crossed over a solid yellow line in an attempt to avoid a collision, but was unsuccessful. On the counts against Brown and Audley Corporation on the basis of respondeat superior the jury found defendants negligent 15%, and plaintiff 85%, resulting in a judgment for defendants. N.H. RSA § 507:7-d. The present appeal involves the court's directing a verdict for Audley on the count for negligent entrustment. As to this, the facts are as follows.

In 1980 Brown, a truck driver for some eight years, while employed by a third party, slipped and injured his left leg and lower back. As a result of this he received workmen's compensation as unable to drive a truck for seven years. In November 1987, his leg remaining 20% permanently disabled, but, otherwise improved, Brown applied to Audley as a driver and was accepted without that defendant's knowledge of, or inquiry into, his past. In De-

cember 1987, he had an accident involving a parked car that plaintiff offered on the issue of Audley's notice of improper entrustment of Brown as a competent driver. There were no asserted similarities between the two accidents, and more important, no offer to show that Brown was at fault. Plaintiff's complaint of exclusion is extraordinarily frivolous.

For the purpose of this appeal we assume that it was negligent for Audley to hire Brown without acquiring knowledge of his leg and his past. There is no evidence that the infirmity of the leg contributed to the accident; indeed, plaintiff disclaims it. This is fatal, so far as the leg is concerned. While *Cutter* recognizes liability for negligent entrustment even though the conduct of the entrustee is free from fault, it plainly holds there must be a causal connection.[1]

In *Cutter* defendant municipality entrusted a two-weeks rookie policeman with handcuffs without training him, or training the officer who was supposed to train him, in their use. As a result he cuffed a prisoner without locking the cuffs in a fixed position, and they tightened up, causing nerve injury. The jury found in favor of defendant officer—viz., no negligence. However, it found against the municipality for negligent entrustment. In affirming, the court said,

> [T]he inquiry required under this rule is whether the policemen were incompetent, inexperienced, or unskilled in a way that caused injury, the risk of which was within the scope of their employment, and was known to the employer-municipality; the inquiry is *not* whether harm occurred because of the policemen's inattention or negligence.

Plaintiff seizes the word "incompetent," and asserts Audley's liability on the basis of Brown's ability as a driver being below "professional" competence. We find it difficult to think that incompetent driving would not be negligence. *Cutter* reached a somewhat unusual result because of unusual facts—the policeman was entrusted with an instrument without given knowledge of its dangerous capability. Here we are concerned with Brown's own conduct. If he was not negligent, he was not then incompetent. Under the New Hampshire statute 15% is not actionable negligence.

But aside from this, plaintiff failed to show a factual basis for his claim. Strictly, this involves two considerations: that Brown's ability was deficient, and that this lack contributed to the accident. As to the first, plaintiff's sole contention is that the jury could draw the inference from the fact that his driving had been interrupted for seven years. If an inference of rustiness might have been warranted for a few days, we need not decide; by May Brown had been driving six months. Plaintiff's claim here is as empty as the one that the December accident without demonstrated fault was notice of incompetency.

Equally, there was no evidence that incompetency, if any there were, contributed to the accident. Plaintiff's expert, who reconstructed the accident, in addition to answering in the negative, "Do you have any information which leads you to conclude that Mr. Brown was not competent to drive the vehicle he was driving?" was unable to state how any incompetence contributed to the accident. This negative testimony was confirmed by the jury's finding Brown 15% negligent as against plaintiff's intestate 85%.[2] If exceeding the speed limit is evidence of incompetence, we are all in trouble.

Plaintiff fails on every score. It is with difficulty that we refrain from assessing double costs for a frivolous appeal.

*Affirmed.*

---

1. Absent a relevant connection, it would not help plaintiff to prove Brown should not have been hired at all. *Cf. Denny v. New York Central Railroad Company,* 13 Gray (79 Mass.) 481 (1859) (no liability for loss absent proximate causal connection.)

2. If one wishes to be technical, the court ruled against plaintiff prior to the jury finding. However, if the court had declined to rule and defendant had raised the point n.o.v., the jury finding would have been part of the case.